MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael Faillace [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------
----X
MIGUEL GUTIERRES, ELEUTARIO ZARAVIA, and JULIO
CESSAR ZARAVIA,

|    |    |
|---|---|
|    | *Plaintiffs,* |
|    |    |
|    | -against- |

LA ISLA CAFÉ RESTAURANT, CORP. and MAXIMO
BELLO,

|    |    |
|---|---|
|    | *Defendants.* |

COMPLAINT

07 CV 3290 (JSR)(HP)

------------------------------------------------------------------
----X

      Plaintiffs Miguel Guiterres, Eleutario Zaravia, and Julio Cessar Zaravia, by and through their

attorneys, Michael Faillace & Associates, P.C., complain of the above named Defendants, as follows:

### NATURE OF THE ACTION

      1.      Plaintiffs were employees of the above-named Defendant corporation ("La Isla").

      2.      Upon information and belief, La Isla is owned and operated by the individual defendant

Maximo Bello ("Bello").  La Isla has four locations in the state of New York and is engaged in the

business of operating restaurants and take-out delis. Its main location is at 1883 3rd Avenue, New

York, New York 10029.

3.      Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

4.      Plaintiffs now bring this action to recover unpaid minimum wages and overtime premiums, liquidated damages, interest, attorneys fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 201 *et seq*. (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the spread of hours wage order of the New York Commissioner of Labor, 12 N.Y.C.R.R § 137-1.7 (2005) (the "Spread of Hours Wage Order").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367(a).

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendants reside and Plaintiffs were employed by the defendants in this district.

## PARTIES

### *Plaintiffs*

7.      Plaintiff Miguel Gutierres ("Guitierres") is an adult individual residing at 207 105th Street, Apt. 6A, New York, New York, 10029. Gutierres was employed as a prep cook by La Isla from approximately September 2002 through April 2007.

8.       Plaintiff Eleutario Zaravia ("Eleutario") is an adult individual residing at 207 105th Street, Apt. 6A, New York, New York 10029. Eleutario was employed by La Isla from approximately November 2005 through April 2007.

9.       Plaintiff Julio Cesar Zaravia ("Julio") is an adult individual residing at 107 15th Street, Apt. 3L, Brooklyn, New York 11220. Julio was employed by La Isla from approximately September 2002 through April 2007.

*Defendants*

9.       Upon information and belief, Defendant "La Isla" is a corporation organized and existing under the laws of the State of New York, with its headquarters at 1883 3rd Avenue, New York, New York 10029.

10.      Upon information and belief, Defendant Maximo Bello is an individual engaged in business in New York City, New York. Bello is sued individually and in his capacity as an owner, officer and/or agent of the Defendant corporation.

## STATEMENT OF FACTS

*Defendants' Employment and Compensation Practices*

11.      Plaintiffs regularly worked in excess of 40 hours a week and 10 hours a day. In addition to prepping all the food for the restaurant, Plaintiff's regularly received orders, cooked food, prepared and packed food, and cleaned the kitchen.

12.      Plaintiffs did not possess any managerial responsibilities nor did their positions require discretion or independent judgment.

13.      On average, the Defendant corporation grossed in excess of $2,000 per day.

3

14. At all relevant times to this matter, Plaintiffs reported to Bello or store manager, Ramona Santana ("Santana"). Bello controlled Plaintiffs' terms and conditions of employment, work schedule, rate of pay, and method of compensation.

15. Defendants regularly required Plaintiffs to work 72 hours per week at the restaurant (6:00 a.m. until 6:00 p.m.), six days a week. At no time were Plaintiff's given a break during their twelve hour work day.

16. Up until 2006, all employees, including Plaintiffs were paid $60 a day, for a total of $360 for a six-day work week or $300 for a five-day work week. Beginning in 2006, all employees, including Plaintiffs were paid $70 a day, for a total of $420 for a six-day work week or 350 for a five-day work week.

17. Defendant Bello or store manager Santana paid Plaintiffs in cash, without providing an accurate indication as to their rate of pay, their hours worked each day, and the total hours worked each week. Plaintiffs received their weekly cash rubber banded with a handwritten indicating their name, amount of pay for the week, and how many days were worked.

18. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York State Labor Law by failing to maintain accurate timesheets and payroll records.

19. Defendants denied Plaintiffs time off for meals and breaks in violation of New York State Labor Law 162.2. Plaintiffs received neither the 30-minute noonday break period, for employees who work shifts of more than 6 hours that extend over the noonday meal period, nor the additional 20

minutes between 4 P.M. and 8 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 PM.

*Defendants' Organizational Structure*

20.     Bello is the owner and/or executive director of the La Isla.

21.     The gross annual volume of sales made or business done at La Isla, for each year in existence, was not less than $ 500,000 (exclusive of excise taxes at the retail level that are separately stated).

22.     At all times relevant to this action, Defendants were the Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and New York Labor Law, §§ 2 and 651.

*Collective Action Claims*

23.     On information and belief, there are at least 15 or more employees currently or formerly employed by La Isla who are similarly situated to Plaintiffs, in that their work schedules, and the method by which and amounts in which they were paid, were similar to Gutierres, Eleutario, and Julio, giving rise to similar claims under the minimum wage and overtime laws and regulations. Plaintiffs are representative of these other workers and are acting on behalf of their interests as well as their own in bringing this action.

24.     Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of minimum wage and overtime

pay in violation of the Fair Labor Standards Act will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FIRST CAUSE OF ACTION
### Violation of the Minimum Wage Provisions of the FLSA

25.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

26.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

27.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(r).

28.    Defendants intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

29.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. §255(a).

30.    Plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Violation of the Overtime Provisions of the FLSA

31.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

32.    Defendants intentionally failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

33.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

34.    Plaintiffs have been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### Violation of the New York Minimum Wage Act

35.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein

36.    Defendants willfully failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.

37.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

38.    Defendants' failure to pay Plaintiffs minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

39.    Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### Violation of the Overtime Provisions of the New York State Labor Law

40.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

41.    Defendants willfully failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law §§ 190 et seq. and regulations of the New York State Department of Labor.

42.     Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

43.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

44.     Plaintiffs have been damaged in an amount to be determined at trial.


**FIFTH CAUSE OF ACTION**
**Spread of Hours Wage Order of the New York Commission of Labor**

45.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

46.     Defendant failed to pay Plaintiffs one additional hour of pay at the basic minimum wage rate before allowances for each day Plaintiffs spread of hours exceeded ten in violation of N.Y. Lab. Law §§ 190 et seq. and § 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, §§ 137-1.7 & 137-3.11.

47.     Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

48.     Defendants' failure to pay Plaintiffs an additional hour pay for each day Plaintiffs spread of hours exceeded ten was willful within the meaning of N.Y. Lab. Law § 663.

49.     Plaintiffs have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFOR, Plaintiffs respectfully request that this Court enter judgment against Defendants:

A.      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action:

B.      Awarding Plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums, and spread of hours pay under the FLSA and New York Labor Law;

C.      Awarding Plaintiffs liquidated damages in an amount equal to the minimum wage, spread of hours pay, and overtime compensation owed pursuant to 29 U.S.C. § 216(b);

D.      Awarding Plaintiffs liquidated damages in an amount equal to twenty-five percent of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to section 98 of the New York Labor Law;

E.      Awarding Plaintiffs prejudgment interest;

F.      Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys fees; and for such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all claims so triable.

Dated:  New York, New York
          April  24 , 2007

MICHAEL FAILLACE & ASSOCIATES, P.C.

By: _____/s/_____
          Michael Faillace [MF-8436]
          110 East 59th Street, 32nd Floor

9

New York, New York 10016
(212)317-1200
*Attorneys for Plaintiffs*